UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASLI M. ALI,<br><br>      Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. 2:25-cv-01861-GJL<br><br>ORDER DENYING REQUEST FOR COUNSEL |

   Plaintiff Asli M. Ali, proceeding *pro se* and *In Forma Pauperis* ("IFP") (*see* Dkt. 5), has requested the Court appoint counsel to assist with her appeal of the denial of social security disability benefits. Dkt. 1-3. *See also* 28 U.S.C. § 1915(a)(1). Upon review, the Court **DENIES without prejudice** Plaintiff's request for court appointed counsel. Dkt. 1-3.

   Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel in civil cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP only following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1). As indicated by the Ninth Circuit:

A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (other citations omitted)).

At this time, Plaintiff has failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Terrell*, 935 F.2d at 1017. First, Plaintiff has not indicated that she has made any effort yet to retain an attorney. Dkt. 1-3. Second, without a brief arguing which specific findings or conclusions of the ALJ's decision are being challenged, the Court cannot say whether or not there is any likelihood of success on the merits. And third, Plaintiff's claims are straightforward and relatively well-articulated. *See* Dkt. 7.

Accordingly, the Court **DENIES without prejudice** Plaintiff's request for court-appointed counsel. Dkt. 1-3.

Dated this 16th day of December, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING REQUEST FOR COUNSEL - 2